680 A.2d 845

**BANK ONE, COLUMBUS, N.A., Appellant,**

v.

**Jennifer M. MAZAIKA and Daniel A. Mazaika, on behalf of themselves and all others similarly situated, Appellees.**

**In re CITIBANK (SOUTH DAKOTA) CREDIT CARD LITIGATION.**

Supreme Court of Pennsylvania.

Submitted Jan. 23, 1996.

Decided July 29, 1996.

Mark A. Aronchick, John P. Lavelle, Jr., Philadelphia, for Bank One.

L. Robert Griffin, Washington, DC, for amicus—U.S. Office of Comptroller.

Betty D. Montgomery, Columbus, OH, for amicus—Atty. Gen. of Ohio.

Warren J. Borish, Philadelphia, for Affinity Group Marketing.

David H. Wilderman, Irwin Aronson, Camp Hill, for amicus—Pa. AFL–CIO.

James C. Sturdevant, Kim E. Card, San Francisco, CA, for amicus—Consumer Action.

Eugene A. Spector, Philadelphia, amicus—Bankcard Holders of America.

Ann Miller, Philadelphia, amicus—Trial Lawyers for Public Justice.

Scott Harshbarger, Boston, MA, amicus—States of Conn. & Hawaii, et al.

Michael P. Malakoff, Fred S. Longer, Pittsburgh, for Jennifer M. and Daniel A. Mazaikas.

Daniel R. Goodemote, Harrisburg, for Consumer Protection.

Michael D. Donovan, Nicholas E. Chimicles, Haverford, for amicus—Bank Card Holders of America.

Arthur Makadon, Philadelphia, for amicus—Mastercard.

Alan S. Kaplinsky, Burt M. Rublin, Philadelphia, for amicus—Greenwood Chase.

Bruce W. Kauffman, Philadelphia, amicus—PA Bankers Assoc. & Arizona Banking, et al.

William M. Wycoff, Pittsburgh, amicus—Visa U.S.A.

Louise A. Rynd, Camp Hill, amicus—PA Bankers Assoc.

Reginald S. Evans, Harrisburg, amicus—Secretary of Banking.

Daniel P. Lynch, Philadelphia, amicus—Mellon Bank, Corestates.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

These are consolidated appeals, by allowance, from orders of the Superior Court that were entered in two class action lawsuits wherein certain out-of-state banks were alleged to have assessed improper fees against Pennsylvania residents who are holders of credit cards that the banks issued. The banks, appellants Bank One, Columbus, N.A. and Citibank (South Dakota), N.A. seek dismissal of the actions. Both cases present the question of whether, under Section 85 of the National Bank Act, 12 U.S.C. § 85, out-of-state banks issuing credit cards to Pennsylvania residents must comply with Pennsylvania statutes limiting assessments for annual fees, late payments, returned (NSF) checks, and credit-limit violations.[1] In both cases the Superior Court held that Section 85 of the National Bank Act does not exempt out-of-state national

---

1.  See Goods and Services Installment Sales Act, 69 P.S. § 1101 et seq.; Banking Code of 1965, 7 P.S. § 101 et seq.; Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1 et seq.

banks from compliance with our state statutes regulating such charges, where the charges are levied on a flat fee rather than percentage basis.[2]

Section 85 provides that a national bank may charge "on any loan ... interest at the rate allowed by the laws of the State ... where the bank is located...." 12 U.S.C. § 85. It has long been recognized that, under Section 85, a national bank can charge an interest rate in a foreign state higher than the laws of the foreign state permit, if it is authorized to do so by the laws of the state in which it is located. *Marquette National Bank of Minneapolis v. First of Omaha Service Corp.*, 439 U.S. 299, 99 S.Ct. 540, 58 L.Ed.2d 534 (1978). In the present case, the Superior Court reasoned that because the charges in question were levied as flat fees rather than as percentages of the balances due on the accounts, the fees did not constitute "interest." The very recent decision of the Supreme Court of the United States in *Smiley v. Citibank (South Dakota), N.A.,* —— U.S. ——, 116 S.Ct. 1730, 135 L.Ed.2d 25 (1996) held to the contrary; hence, we reverse.

In *Smiley,* the Supreme Court held that the "interest" charges permitted by Section 85 include flat fees levied by banks in connection with credit card accounts. In reaching this conclusion, the court deferred to what it deemed to be a reasonable interpretation of the term "interest" by the Comptroller of the Currency. The Comptroller, whose responsibilities include the enforcement of federal banking laws, had adopted the following regulation:

The term *"interest"* as used in 12 U.S.C. § 85 includes *any payment* compensating a creditor or prospective creditor for an extension of credit, making available a line of credit, or any default or breach by a borrower of a condition upon which credit was extended. *It includes, among other things, the following fees connected with credit extension or availability: numerical periodic rates, late fees, not suffi-*

---

**2.** The fees levied in the present cases ranged from twenty to fifty dollars for annual fees and from ten to eighteen dollars for late payments, returned (NSF) checks, and over-credit-limit charges.

cient funds (NSF) fees, overlimit fees, annual fees, cash advance fees, and membership fees.

12 C.F.R. § 7.4001(a) (1996) (emphasis added).

The fees at issue in the present appeals fall directly within the purview of the Comptroller's definition of "interest." The *Smiley* decision establishes that such fees can take the form of flat fees rather than percentage-based charges. The decisions of the Superior Court to the contrary must, therefore, be reversed.[3]

Orders reversed.

---

**3.** The appellees have provided notice that, in light of *Smiley*, they do not oppose summary reversals.