### Mark B. ARONSON and Shilesh Chaturvedi, Plaintiffs,

v.

### CAPITAL ONE FINANCIAL CORPORATION, individually and doing business as Capital One, Capital One, F.S.B., also known as Capital One Bank, also known as Capital One, and Capital One Bank also known as Capital One, Defendants.

### Civil Action No. 99–242.

United States District Court,
W.D. Pennsylvania.

Nov. 6, 2000.

Order Denying Motion to Amend and Modify Judgment, Dec. 18. 2000.

Robert M. Linn, Anne Lavelle, Pittsburgh, PA, for plaintiffs.

William F. Askin, Pittsburgh, PA, for defendants.

### MEMORANDUM OPINION
### and ORDER

COHILL, Senior District Judge.

Presently before the court for disposition are defendants' Motion to Dismiss (Doc. No. 2); Motion to Strike Portions of Plaintiffs' Affidavits (Doc. No. 8); and Motion to Compel Payment of Costs Pursuant to Federal Rule of Civil Procedure 41(d) (Doc. No. 16). In addition, plaintiffs Shilesh Chaturvedi and Mark B. Aronson have each filed a Motion for Leave to Supplement His Affidavit and to File Further Affidavits in Opposition to Motion to Dismiss (Doc. Nos. 11 & 12).

### I. Defendants' Motion to Strike Portions of Plaintiffs' Affidavits

We first address defendants' motion to strike portions of plaintiffs' affidavits that are not in conformity with Federal Rule of Civil Procedure 56(e). Defendants allege that numerous portions of the affidavits are not based on personal knowledge, are conclusory, and/or are legal conclusions. A review

of plaintiffs' affidavits reveal that both affidavits contain, in large part, a recitation or clarification of the allegations set forth in the Complaint, assertions of legal conclusions, and legal argument. *See* Affidavit of Shilesh Chaturvedi (Doc. No. 6); Affidavit of Mark B. Aronson (Doc. No. 7). It is clear that the affidavits are not in conformity with Rule 56(e) and the case law interpreting this rule. Therefore, defendants' motion will be granted as follows. To the extent that plaintiffs' affidavits contain legal conclusions, statements that are not within the personal knowledge of the affiant, and argument, said portions of plaintiffs' affidavits will be stricken. To the extent that such stricken portions of the affidavits can properly be considered as a response to defendants' motion to dismiss the Complaint, the court will consider such stricken portions as if they were set forth in plaintiffs' brief in opposition to the motion to strike. In light of our disposition of defendants' motion to strike, we will deny as moot plaintiffs' motions for leave to supplement affidavits and file further affidavits.

## II. Defendants' Motion to Dismiss

Defendants move to dismiss plaintiffs' Complaint for failure to state a claim upon which relief can be granted. Specifically, defendants argue that plaintiffs' claims are preempted by the Depositary Institutions Deregulation and Monetary Control Act of 1980, 12 U.S.C. § 1831(d) ("DIDA"). We agree and will dismiss Plaintiff's causes of actions because they are preempted by DIDA.

In addition, defendants assert that we lack personal jurisdiction over defendants Capital One Financial Corporation and Capital One, F.S.B. Defendants also contend that Capital One Financial Corporation and Capital One, F.S.B. are not proper parties in that plaintiffs do not have a contractual relationship with either of these defendants. Plaintiffs have set forth facts to prove that jurisdiction over the

above named parties is proper. The defendants dispute these allegations as stated and, in the alternative, request limited discovery on the issue. Because we are able to dismiss plaintiffs' Complaint as a matter of law against all defendants, in the interests of judicial economy, we decline to order limited discovery to explore the jurisdictional issue.

## A. Standard of Review

In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) all factual allegations in the complaint, as well as all reasonable inferences that can be drawn therefrom, are accepted as true and viewed in a light most favorable to Plaintiff. *Bell Atlantic–Pennsylvania, Inc. v. Pennsylvania Public Utility Commission,* 107 F.Supp.2d 653, 658–659 (E.D.Pa.2000). Where both parties have submitted affidavits and documents to their pleadings the court shall treat the motion as one for summary judgment. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In other words, summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry the burden of persuasion at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must then go beyond the pleadings and, by affidavits, depositions, answers to interrogatories, and admissions on file, designate facts showing that a genuine issue of material fact remains for trial. *Id.* at 324, 106 S.Ct. 2548.

In ruling upon a motion for summary judgment, the court is to give the nonmoving party the benefit of all reasonable inferences. *Sempier v. Johnson & Higgins,* 45 F.3d 724, 727 (3rd Cir.1995).

### B. Factual Background

The relevant facts, viewed in a light most favorable to plaintiffs, are few. Each plaintiff opened a MasterCard credit card account with defendant Capital One Bank (the "Bank") or its predecessor by entering into an agreement for credit. Both credit card accounts required that the applicant first deposit a sum of money with the Bank. Doth agreements provided for the imposition of fees on closed accounts, to the extent permitted by law, as long as an account balance is still owing. Plaintiffs used their credit cards incurring a balance due. After a time, and with a balance still owing, they each closed their credit card account with the Bank. The Bank then imposed membership fees and late fees on each plaintiffs' closed credit card account.

Plaintiffs allege that upon closing their accounts the balance due converted to an installment debt subject to Virginia law regarding the imposition of late charges. *See* Va.Code § 6.1–330 .80. According to plaintiffs, the Bank violated Virginia law by imposing membership fees and late fees in excess of the amount permitted by said section 6.1–330.80. Plaintiffs assert eleven causes of action alleging violations of Pennsylvania law and Virginia law, and claim damages under Pennsylvania law.

### C. Discussion

Defendants argue that under the relevant law all of plaintiffs' claims are preempted by DIDA. In support of their argument defendants rely on *Smiley v. Citibank,* 517 U.S. 735, 116 S.Ct. 1730, 135 L.Ed.2d 25 (1996) (holding that section 85 of the National Bank Act, the statutory analog of section 521 of DIDA, preempts state law); *Bank One, Columbus, N.A. v. Mazaika,* 545 Pa. 115, 680 A.2d 845, 847 (1996) (applying *Smiley* to Pennsylvania law and reversing prior case law to the contrary); and *Greenwood Trust Company v. Commonwealth of Massachusetts,* 971 F.2d 818, 826 (1st Cir.1992) (explaining that DIDA and the National Bank Act are to be read together and that DIDA preempts state law), *cert. denied,* 506 U.S. 1052, 113 S.Ct. 974, 122 L.Ed.2d 129 (1993).

Defendants also cite *Perez v. Capital One Bank,* 258 Va. 612, 522 S.E.2d 874 (1999), in which the Supreme Court of Virginia determined a certified question submitted by the United States District Court for the Northern District of Illinois. *See Amaro v. Capital One Bank,* 1999 WL 59968 (N.D.Ill.1999) (*Amaro II*). In *Perez,* the court considered Virginia Code sections 6.1330.63 and 6.1–330.80 as applied to contracts between credit-card issuers and card holders. The *Perez* court held that the common law doctrine of unlawful liquidated damages had been abrogated by section 330.80. *Id.* 522 S.E.2d at 876. In addition, the *Perez* court also concluded that "§ 6.1–330.63, which contains more specific language applicable to banks and revolving credit plans, perpetuates the abrogation of the common law rule." *Id.* Specifically, the Virginia Supreme Court explained that in enacting section 330.63, the Virginia legislature "removed the 5% cap [of § 6.1–330.80] on charges imposed on banks and savings institutions under contracts for credit, allowing such charges 'at such rates and in such amounts ... as may be agreed by the borrower.'" *Id.* (quoting Va.Code § 6.1–330.63).

Plaintiffs admit that under DIDA, and the case law cited by defendants, "the general rule is that regardless of Pennsylvania law, Defendants can export late payment and other fees if lawful in the bank's home state." *Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint,* at 5. Plaintiffs also admit that each of them entered into customer agreements with the Bank whereby the parties agreed that "if

an account is closed the membership fee will continue to be charged to the account to the extent permitted by law until the account balance is paid in full." *Id.* at 10 (emphasis omitted). However, plaintiffs contend that the membership and late fees imposed after their accounts were closed are not lawful under Virginia law and therefore their claim that the Bank violated Virginia law is not preempted by DIDA. As noted above, plaintiffs contend that once they closed their accounts the remaining debt turned into an installment debt governed by Virginia Code § 6.1–330.80, which limits the amount of fees the Bank can impose. *See Plaintiffs' Reply to Capital One's Supplemental Brief,* at 2; *Plaintiffs' Brief in Opposition,* at 2, 6–11. Plaintiffs also assert that a "closed account means there is *no existing agreement* between the parties, other than to pay off an existing balance, if any, at any allowable rate of interest." *Plaintiffs' Reply,* at 2 (emphasis added). Thus, plaintiffs contend that because they no longer were party to a revolving credit contract with the Bank, *Perez* is inapplicable because it only applies to contracts for revolving credit. *Id.*

Plaintiffs are unable to offer any authority to support their claims and our own research has revealed none. Because plaintiffs concede that, as stated, DIDA preempts plaintiffs' Pennsylvania state law claims against defendants, we need only address plaintiffs contention that because they closed their accounts, section 6.1–330.80 applies in this action, rather than section 6.1–330.63. Plaintiffs argument depends on the premise that Virginia Code § 6.1–330.80 applies in the instant action. In *Amaro v. Capital One Bank,* 1998 WL 299396 (N.D.Ill.1998) (*Amaro I* ), the court discussed at length whether section 6.1–330.63 or section 6.1–330.80 "applies to a bank that issues credit cards and imposes late fees on its customers' accounts." *Id.* at *3. The *Amaro I* court found not only that section 330.63 properly applies to cases involving credit card accounts, but also that the "plain language" of 330.63

shows that the legislature intended that section 330.63 "governs to the exclusion of 330.80." *Id.* at *5. It is apparent from the *Perez* decision, that the Virginia Supreme Court agrees. *Perez,* 522 S.E.2d at 876.

Plaintiffs contend that the instant case is distinguishable. We disagree. Each plaintiff entered into an agreement for credit with the Bank under Virginia Code § 6.1–330.63. By the express terms of agreement between each plaintiff and the Bank, plaintiffs agreed to the imposition of a membership fee after they closed their account until the account balance is paid in full. We reject plaintiffs unsupported assertion that by closing their credit card accounts they have unilaterally transformed their agreement with the Bank, lawfully entered into under section 330.63, into an agreement governed by section 330.80. Therefore, we conclude that section 6.1–330.63 is applicable to the instant action to the exclusion of section 6.1–330.80. Accordingly, the charges imposed on plaintiffs' closed accounts by the Bank are lawful under Virginia law. Thus, section 521 of DIDA permits the Bank to export the fees, lawful in Virginia, to Pennsylvania. In light of the relevant law, plaintiffs claims are therefore preempted by DIDA. *See Smiley,* 517 U.S. 735, 116 S.Ct. 1730, 135 L.Ed.2d 25; *Mazaika,* 680 A.2d 845; *Greenwood Trust Company,* 971 F.2d 818; *Perez,* 258 Va. 612, 522 S.E.2d 874; and *Amaro I,* 1998 WL 299396. Thus, there being no genuine issue of material fact, we conclude that summary judgment as a matter of law is appropriate as to all of plaintiffs' claims.

### III. Defendants' Motion to Compel Payment of Costs Pursuant to Rule 41(d)

Finally, we will deny Defendants motion to compel costs. Defendants filed their motion on April 6, 1999, noting in particular that plaintiffs' had withdrawn a previous action without prejudice after counsel

for defendants threatened to pursue Rule 11 sanctions. On November 5, 1999, the Virginia Supreme Court entered its decision in *Perez,* 522 S.E.2d 874. Defendants thereafter filed a supplemental reply in which they argued that the Supreme Court of Virginia "vindicated and adopted" the defendants' position. *Defendants' Supplemental Reply,* at 3 (citing *Perez*). As noted, the District Court for the Northern District of Illinois certified a "question of first impression under Virginia law." *Amaro II,* 1999 WL 59968,*4. The Supreme Court of Virginia answered the novel question, relevant to the instant action, in favor of defendants. In light of the uncertainty of the law prior to *Perez,* we decline to impose costs on plaintiffs.

## IV. Conclusion

Defendants' motion to dismiss, treated as a motion for summary judgment, will be granted in favor of defendants and against plaintiffs as a matter of law as to all of plaintiffs' claims and plaintiffs' Complaint will be dismissed. Defendants' motion to strike will be granted as set forth above. Plaintiffs' motions to supplement affidavits and file further affidavits will be denied as moot and defendants' motion for costs will be denied. An appropriate Order follows.

### ORDER

AND NOW, to-wit, this *6th* day of November, 2000, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint (**Doc. No. 2**), construed as a motion for summary judgment, be and hereby is GRANTED as a matter of law as to all of plaintiffs' claims since the state law claims asserted against the defendant are preempted by DIDA. Plaintiffs' claims are hereby dismissed;

2. Summary Judgment is GRANTED in favor of defendants Capital One Financial Corporation, Capital One, F.S.B., and Capital One Bank and against plaintiffs Shilesh Chaturvedi and Mark B. Aronson.

3. Defendants' Motion to Strike Portions of Plaintiffs' Affidavits (**Doc. No. 8**), as explained in this Memorandum Opinion, be and hereby is GRANTED;

4. Shilesh Chaturvedi's Motion for Leave to Supplement His Affidavit and to File Further Affidavits in Opposition to Motion to Dismiss (**Doc. No. 11**) be and hereby is DENIED;

5. Mark B. Aronson's Motion for Leave to Supplement His Affidavit and to File Further Affidavits in Opposition to Motion to Dismiss (**Doc. No. 12**) be and hereby is DENIED;

6. Defendants' Motion to Compel Payment of Costs Pursuant to Federal Rule of Civil Procedure 41(d) (**Doc. No. 16**) be and hereby is DENIED;

7. Plaintiff's Complaint is hereby dismissed, and the clerk is directed to the mark the above-entitled action closed.

### ORDER

Before the court is plaintiff Shilesh Chaturvedi's Motion to Amend and Modify Judgment filed on December 6, 2000. Plaintiff requests relief from our November 6, 2000 Memorandum Opinion and Order pursuant to Federal Rules Civil Procedure 60 and 61. There, we granted defendants' motion to dismiss the complaint, treating it as a motion for summary judgment. Defendants have filed a reply contending that plaintiff's motion is subject to Rule 59(c) and is therefore untimely. Plaintiff does not precisely articulate why his motion is proper under either Rule 60 or 61, but asserts that "[s]ubstantial justice will be denied if Plaintiff cannot pursue his claim." Motion to Amend and Modify Judgment, at 1. The substance of plaintiff's motion and brief demonstrate that plaintiff is requesting reconsideration of the judgment based on the argument that the court misapprehended the facts and misapplied the law. As such, plaintiff's motion is untimely and will be denied.

In addition, plaintiff's motion is without merit even if considered as a motion under the catch-all provision of Rule 60(b)(6). Rule 60(b)(6) states in relevant part: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment.... (6)[for] any other reason justifying relief from the operation of the judgment." We therefore will briefly address plaintiff's argument.

■ Plaintiff contends that we erred in dismissing Count Two in which he alleged that the defendants are required to return a $20 membership fee imposed on his closed credit card account. Plaintiff opened a MasterCard credit card account with defendant Capital One Bank (the "Bank") or its predecessor by entering into an agreement for credit. At the same time, plaintiff established a related security account with the Bank. Plaintiff closed his credit card account with a balance still owing on the account. The Bank then imposed membership fees and late fees on plaintiff's closed credit card account.

Plaintiff's billing statement, with a closing date of January 10, 1997, shows that the Bank assessed a $20 membership fee. His next billing statement, with a closing date of February 10, 1997, shows that on January 22, 1997 the Bank deducted funds from plaintiff's security account and applied the amount to the balance due on plaintiff's credit card account. Plaintiff argues that the Bank's action resulted in his account being paid in full within 30 days of the imposition of the membership fee and therefore he is entitled to the return of a $20 membership fee. In support of his argument, plaintiff relies on the terms of the agreements that appear on the billing statements. The January 10, 1997 statement states in relevant part as follows:

If a membership fee appears on the front of this statement, you have 30 days from the date we mailed this statement to avoid paying this fee or to have such fee credited to your Account if you choose to terminate credit availability under your Account. During this 30–day period you may continue to use your Account without having to pay the membership fee. To terminate credit availability, prior to the end of this 30–day period, you must (a) write to us at the address specified below and advise us that you wish to cancel your Account and (b) pay your New Balance in full (excluding the membership fee)....

Brief in Support of Plaintiff's Motion to Amend and Modify Judgment, Exhibit 5, ¶ 11.

In order to avoid paying the membership fee under the agreed terms, *plaintiff* was required to pay his new balance in full (excluding the membership fee) by February 10, 1997. There is no record evidence to indicate that plaintiff met this requirement. In fact, in his affidavit, portions of which were treated as if set forth in plaintiff's brief in opposition to defendants' motion to strike, plaintiff states that "July 17, 1996, was the last date that I made any payment on my MASTERCARD account." Affidavit of Shilesh Chaturvedi, ¶ 71. Plaintiff also acknowledged that he did not send any payment to the Bank by February 10, 1997. *See* Affidavit of Shilesh Chaturvedi, ¶¶ 98–99. Under these circumstances, plaintiff cannot rely on his failure to pay his credit card account in order to reap a benefit. It was plaintiff's failure to make payments on his account that prompted the Bank to seize funds from his related security account. We decline to accept plaintiff's argument that the Bank's conduct here fulfilled plaintiff's obligation to pay the balance due on his account. Finally, because the plaintiff in this case failed to adhere to the terms of agreement for return of the membership fee, the date on which the Bank acted is inconsequential. Therefore, in the absence of any conduct on the part of the plaintiff to pay his new balance in full within 30 days of the imposition of the membership fee we conclude as a matter of law that he is not entitled to the return of the $20 membership fee.

AND NOW, to-wit, this 18th day of December, 2000, it is hereby ORDERED, ADJUDGED and DECREED that plaintiff Shilesh Chaturvedi's Motion to Amend and Modify Judgment (**Doc. No. 25**) be and hereby is DENIED.